IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL CASTONGUAY SR., | ) | 8:09CV393 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STACEY FLEENER, | ) | |
| | ) | |
| Defendant. | ) | |

     Plaintiff filed his Complaint in this matter on October 30, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

     Plaintiff filed his Complaint on October 30, 2009, against Stacy Fleener, his daughter's foster parent. (Filing No. 1 at CM/ECF pp. 1, 5.) Plaintiff is currently incarcerated in the Douglas County Correctional Center in Douglas County, Nebraska. (*Id*. at CM/ECF p. 2.) For his Complaint, Plaintiff uses a form for cases brought under 42 U.S.C.§ 1983.

     Condensed and summarized, Plaintiff alleges that his daughter was riding in Fleener's car when Fleener negligently "lost control . . . swerved into oncoming traffic" and caused a collision. (*Id*. at CM/ECF pp. 5, 8.) The collision killed Plaintiff's daughter. (*Id*.) Because of his daughter's death, Plaintiff has experienced emotional distress and a "[]lot of [g]rief." (*Id*. at CM/ECF p. 7.) Plaintiff seeks "Three Hundred Thousand" dollars in monetary damages. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). Moreover, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft*, 129 S.Ct at 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). As discussed above, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Here, Plaintiff alleges that Fleener's negligent driving killed his daughter. (Filing No. 1 at CM/ECF pp. 5, 8.) However, Plaintiff does not allege that Fleener was acting under color of state law. Moreover, "foster parents are generally not considered agents of the state." *United States v. Peneaux,* 432 F.3d 882, 896 (8th Cir. 2005); *see also White v. Chambliss*, 112 F.3d 731, 739 (4th Cir. 1997) (concluding that a state has no affirmative duty for children placed in foster care); *Weller v. Dep't of Social Servs. for Baltimore*, 901 F.2d 387, 392 (4th Cir. 1990) ("[T]he harm suffered by a child at the hands of his foster parents is not harm inflicted by state agents"); *K.H. Through Murphy v. Morgan,* 914 F.2d 846, 852 (7th Cir. 1990) ("We may assume, without having to decide . . . that the foster parents, even if paid by the state, are not state agents for constitutional purposes."); *Lintz v. Skipski*, 807 F.Supp. 1299, 1306-07 (W.D. Mich. 1992) ("This Court is unaware of any case which has held that foster parents are [S]tate actors.").

Because Plaintiff has failed to allege sufficient facts to establish that Fleener was acting under state law, his allegations against her fail to state a section 1983 claim upon which relief may be granted. However, because Plaintiff may have state law claims against Fleener, the court will dismiss Plaintiff's Complaint without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

3

2.     A separate judgment will be entered in accordance with this Memorandum and Order.

December 14, 2009.                    BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.